**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROYAL INDEMNITY COMPANY and
ROYAL INSURANCE COMPANY OF
AMERICA,

              **Plaintiffs,**

-vs-                                    Case No. 6:04-cv-1660-Orl-31DAB

JASON ELLSWORTH and KENNETH
STUTES,

              **Defendants.**

_____

## ORDER

      This is a Declaratory Judgment Action by which Plaintiff seeks a declaration that Defendant Jason Ellsworth is not insured under a policy of insurance issued by Plaintiff to Ellsworth's employer, Sunniland Corporation (Sunniland). Defendant Kenneth Stutes has filed a Motion for Summary Judgment (Doc. 41) and Plaintiff has responded (Doc. 58).

      The fact are not in dispute. Jason Ellsworth was a truck driver for Sunniland. During the week including September 19, 2003, Sunniland permitted Ellsworth to drive the company truck to and from work. However, Ellsworth was specifically prohibited from using the vehicle for any other purpose, and was told that violation of this instruction could result in termination. On the evening of September 19, 2003, Ellsworth, in violation of this specific directive, took the company truck to go "cruising" on Daytona Beach. Before arriving at the beach, Ellsworth collided with a motorcycle driven by Stutes, causing serious injury to Stutes. Stutes thereafter filed a personal injury suit in state court against Ellsworth and Sunniland.

If Sunniland is held vicariously liable to Stutes under the dangerous instrumentality doctrine, the Plaintiff's policy admittedly provides coverage. However, Stutes claims in addition that Ellsworth should be considered an additional insured under the policy such that Plaintiff's policy would provide coverage even if only Ellsworth is found liable in the state court action. The insurance policy at issue[1] provides as follows:

> SECTION II - LIABILITY COVERAGE
>
> A.   Coverage
>
> We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' . . . to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance, or use of a covered 'auto'. . . .
>
> However, we have no duty to defend any 'insured' against a 'suit' seeking damaged for 'bodily injury' . . . to which this insurance does not apply. . . .
>
> 1.   Who is an Insured
>
> The following are 'insureds':
>
> a.   You for any covered 'auto'.
>
> b.   Anyone else while using with your permission a covered 'auto' you own, hire, or borrow. . .

The policy is thus clear that Mr. Ellsworth will be covered only if he were driving the truck with Sunniland's "permission." He plainly was not. However, Stutes argues that construction of the term "permission" under the policy is as broad as the dangerous instrumentality doctrine itself, citing *Chase & Co. v. Benefield*, 64 So. 2d 922 (Fla. 1953). But vicarious liability as the owner of

---

[1]There is also an umbrella policy providing supplemental coverage.

a "dangerous instrumentality" is inapposite in the context of a permissive use clause in a contract of insurance. Rather, the courts in Florida have followed the "moderate" or "minor deviation" rule as to the construction of a permissive use clause. *See, e.g., Kobetitsch v. American Mfrs' Mutual Ins. Co.,* 390 So. 2d 76 (Fla. 3rd DCA 1980). Under this rule, coverage is excluded if the employee's use of the vehicle is a gross violation of the terms of the bailment. *Id.* at 78. In this case, it is clear that Ellsworth's use of his employer's vehicle to go "cruising" was a gross departure from the scope of his permissive use. Accordingly, it is

**ORDERED** that Stutes's Motion for Summary Judgment is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 13, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party